[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

No. 09-13358
Non-Argument Calendar
_____

Agency No. A099-669-688

ROSE EUZRYNE MICHEL,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 26, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Rose Euzryne Michel, a native and citizen of Haiti, proceeding *pro se*,

petitions this Court for review of the Board of Immigration Appeal's ("BIA")

decision affirming the Immigration Judge's ("IJ") order denying her asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Michel contends that she was persecuted – and would be again – on account of her

political opinion in opposition to the Lavalas party. The IJ found that she did not

testify credibly and therefore failed to show she was eligible for asylum, and the

BIA affirmed. Upon careful review, we deny the petition.

In order to establish eligibility for asylum, an applicant must provide

"credible, direct, and specific" evidence in the record showing that she is a

"refugee." Forgue v. U.S. Att'y Gen., 441 F.3d 1282, 1287 (11th Cir.2005)

(quotation omitted). See also 8 U.S.C. § 1158(b)(1)(A). A person qualifies as a

refugee if she can establish she has suffered past persecution or has a

"well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion." 8 U.S.C. §

1101(a)(42)(A).

If an applicant's testimony that she fears persecution is credible, it may be

sufficient, without corroboration, to satisfy her burden of proof required to

establish asylum eligibility. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304

(11th Cir.2009). Likewise, a denial of asylum relief can be supported solely by an

adverse credibility determination, which may be made on the basis of internal

2

inconsistencies in an applicant's testimony. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1348 (11th Cir.2008) (citing 8 U.S .C. § 1158(b)(1)(B)(iii)). If the court explicitly determines that the applicant lacks credibility, it must offer "specific, cogent reasons" for the finding. Kueviakoe, 567 F.3d at 1305. The burden then shifts to the applicant to show why the credibility determination was not supported by "specific, cogent reasons" or was not based on substantial evidence. Id.

When reviewing a decision issued by the BIA, we review only that decision, except where the BIA relied on the IJ's opinion. Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 (11th Cir. 2009). Because the BIA here expressly adopted the IJ's decision, we review the IJ's decision.

We review findings of fact, including credibility determinations, under the "substantial evidence test," and must affirm those determinations "if [] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under this standard of review, we will reverse an IJ's credibility findings "only if the evidence compels a reasonable fact finder to find otherwise." Chen v. U.S. Atty. Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006).

The IJ made an adverse credibility determination against Michel, and gave thorough, cogent, and specific reasons for that determination. Specifically, the IJ

3

noted numerous discrepancies in Michel's testimony as well as the absence of material facts from her asylum application that Michel raised during her asylum hearing. The IJ also provided Michel the opportunity to explain discrepancies during the hearing, but was unpersuaded by Michel's explanations. The IJ then weighed the totality of the circumstances, and determined that she found Michel not to be a credible applicant. On appeal, Michel offers possible explanations for the inconsistencies, but these not enough to compel this Court to reverse the IJ's credibility finding. As such, substantial evidence supports the IJ's and BIA's adverse credibility determination and resulting denial of Michel's asylum application.[1]

**PETITION DENIED.**

---

[1] Because Michel failed to establish eligibility for asylum, we also deny her applications for withholding of removal and CAT relief. See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir.2007) (citation omitted) ("To qualify for withholding of removal or CAT relief, an alien must establish standards more stringent that those for asylum eligibility; thus, an alien unable to prove a well-founded fear of persecution based on a protected ground, as required for asylum relief, necessarily fails to demonstrate a clear probability of persecution, the standard applicable to a claim for withholding of removal.")